UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYSHA IRSHAD,<br><br>     Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>     Defendants. | CASE NO. 2:25-cv-01296-LK<br><br>ORDER GRANTING STIPULATING MOTION TO STAY PROCEEDINGS |

  This matter comes before the parties' Stipulated Motion to Stay, requesting that the Court stay proceedings in this case due to the recent lapse in federal appropriations. Dkt. No. 12. For the reasons explained below, the Court grants the motion.

  Defendants—the United States Department of State; Secretary of State Marco Rubio, the United States Embassy in Islamabad, Pakistan; the United States Attorney for the Western District of Washington; and the United States Attorney General—seek to indefinitely stay proceedings before this Court due to the recent lapse of appropriations to the Department of Justice ("DOJ"). *Id.* at 1. Pro se Plaintiff Aysha Irshad stipulates to this motion. *Id.* at 1, 5.

ORDER GRANTING STIPULATING MOTION TO STAY PROCEEDINGS - 1

On September 30, 2025, funding expired for the DOJ as well as "many Executive agency clients with whom Department attorneys must coordinate their litigation activities" in this case. *Id.* The DOJ does not know when such funding will be restored by Congress. *Id.* at 1–2. Absent an appropriation, certain DOJ attorneys and federal government employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, which include "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Because "the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office, particularly with respect to prosecution and defense of civil cases," the parties seek a stay of proceedings "for the duration of the current lapse of appropriations." Dkt. No. 12 at 2–3. Defendants specifically note that they "will not be able to meet the next deadline" in this case—the October 11, 2025 due date for the parties' joint status report, Dkt. No. 11—and request that the Court instead order the parties "to confer and file a joint status report within ten days after the restoration of funding." Dkt. No. 12 at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The *CMAX* factors weigh in favor of a stay here. Given that "[m]ost Assistant United States Attorneys and support staff in the Civil Division will be furloughed for the duration of the lapse in

ORDER GRANTING STIPULATING MOTION TO STAY PROCEEDINGS - 2

appropriations and will be unable to perform critical case work," Dkt. No. 12 at 3, Defendants are unable to perform work essential to ongoing proceedings. Ms. Irshad has agreed to stipulate to a stay, and no party has suggested that any harm would result from a stay. Indeed, "[Ms. Irshad] brought this litigation seeking to compel Defendants to readjudicate her husband's visa application," and she now "reports that her husband has received the visa, and she will voluntarily dismiss the case after her husband arrives in the United States." *Id.* at 3. Good cause exists for staying the proceedings, including the upcoming joint status report deadline, and the interests of justice and judicial economy will be served by granting this motion.

The Court therefore GRANTS the parties' motion, Dkt. No. 12, and ORDERS that proceedings in this case be stayed while the lapse in federal appropriations continues. Within 10 days of the date that funding resumes for the DOJ and other relevant federal agencies, the parties must confer and file a joint status report.

Dated this 14th day of October, 2025.

Lauren King
United States District Judge